In re MR. HENRY'S WALDORF, INC., Debtor.

Melvin FELDMAN, Trustee, Plaintiff,

v.

Henry YAFFE, Defendant.

Bankruptcy No. 82–1–0359.

Adv. No. 83–0250A.

United States Bankruptcy Court, D. Maryland.

Nov. 2, 1983.

Melvin Feldman, Rockville, Md., for plaintiff/trustee.

George Blumenthal, Suitland, Md., for defendant.

## MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge.

This matter is before the court upon the complaint of the Chapter 7 trustee, Melvin Feldman, against Henry Yaffe, the former president, director, controlling stockholder, and operator of the debtor, Mr. Henry's Waldorf, Inc., once a restaurant and bar located in Waldorf, Maryland. Plaintiff seeks the recovery of $208,000.00, which is the alleged value of the assets of Mr. Henry's Waldorf, Inc., at the time that Mr. Yaffe walked away from any responsibility for the then debtor in possession, and abandoned the premises to one Joseph Mrozek.

The facts in this case are not in dispute. On March 20, 1981, Mr. Henry's Waldorf, Inc., filed its petition for relief under Chapter 11 of the Bankruptcy Code. The court does not have the benefit of any monthly operating statements as required by former Bankruptcy Rule 11–30 because none were filed.

The next notable occasion in this proceeding was the making of a management agreement dated August 26, 1981, between Mr. Henry's Waldorf, Inc., and an individual, Joseph Mrozek, and his wholly owned corporation known as Mrozek, Inc. Court approval was not sought for this contract. Pursuant to this agreement, Mr. Mrozek was given carte blanche with respect to the operation of the business. The premises were turned over to him, including the alcoholic beverage license, all inventory, and all equipment. He was to maintain all receipts

of the business and pay all operating expenses out of the account, including a payment to himself of $500.00 per week. In addition, Mr. Mrozek had a 36-month option to purchase the restaurant. The management agreement contained the customary integration clause.

The management agreement was clearly a contract that required court approval in order to be effective. 11 U.S.C. § 363(b) provides as follows:

> (b) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary court of business, property of the estate.

Debtor's former counsel saw no reason to bother with the niceties of the Bankruptcy Code and did not obtain the protection of an order of this court permitting the arrangement with Mr. Mrozek. Thus, the debtor and its controlling officer, Henry Yaffe, remain accountable for the property of the debtor. 11 U.S.C. § 704(2).[1] The debtor's principal did not file monthly statements under former Bankruptcy Rule 11–30. Thus, Mr. Yaffe remains accountable for all assets received, particularly those assets scheduled by him on Schedule B–2 accompanying the original petition.

 The trustee urges that the amount of damage for this breach of fiduciary duty is $208,000.00. The trustee offers no appraisal. The route that the trustee suggests that the court follow to reach this result is first that on September 17, 1981, and October 6, 1981, the debtor in possession filed a Plan of Reorganization and a Disclosure Statement. Both of these made reference to an agreement for the sale and purchase of a restaurant attached to the Plan of Reorganization. That agreement called for a $28,000.00 deposit and 180 equal weekly installments of $1,000.00. The Mrozek, Inc.—Mr. Henry's Waldorf, Inc., contract was never signed by the prospective purchaser. The court finds that no binding agreement existed between them.

The proposed Plan of Reorganization sought to transfer the assets to the purchaser as soon as possible after the entry of an order of confirmation. The debtor in possession's Disclosure Statement describes Mrozek, Inc., as the proposed purchaser of the debtor's assets and notes that the assets also shall not be transferred until there has been approval by the bankruptcy court. The court gave no such approval, and the contract does not serve to establish anything other than the fact that the principal of the debtor in possession was willing to enter into an agreement through which its creditors would be paid from whatever the debtor in possession received from the sale of the business.

 While the parties have stipulated that Mr. Henry's Waldorf, Inc., turned over the property to Mr. Mrozek on September 1, 1981, and that Mr. Mrozek abandoned the property some time in early January, 1982, the principals remain accountable from day one of this bankruptcy proceeding. Local Rule 54 of the United States Bankruptcy Court for the District of Maryland provides:

> Upon the granting of an Order for Relief, the Debtor shall be responsible for the care and protection of all of his property, books and records until qualification of an Interim Trustee or Trustee, at which time he shall, on request, turn over said property, books and records to the Interim Trustee or Trustee.

The question remaining is what are they or, particularly, what is Mr. Yaffe responsible for? The Bankruptcy Code does not permit the debtor in possession, after losing heart, to simply walk away. The debtor remains in its fiduciary capacity until the appointment of a trustee, a successor fiduciary. Here, the appointment of a trustee did not take place until June 2, 1982, following notice to all creditors of the debtor's application.

When the trustee, Mr. Feldman, took possession, he made efforts to trace the assets of the debtor in possession. He determined

---

1. 11 U.S.C. § 704(2) provides:
 § 704. *Duties of trustee*
 The Trustee shall—

\* \* \* \* \* \*
(2) be accountable for all property received;

subsequently that what he possessed had no realizable value. It now behooves the court to trace the various assets listed on Schedule B–2, Personal Property, and determine which, if any, the debtor's principal may be accountable for.

Because the debtor in possession did not file monthly statements, the court is unable to give the debtor in possession credit for any expenditure. Thus, the debtor in possession should be accountable for $800.00 in cash, a $1,500.00 deposit to the landlord, and $1,400.00 deposit to the Southern Maryland Electric Company.

The Lincoln Continental automobile was subject to a secured lien. Debtor in possession had no equity in it. The trustee took possession of the $200.00 in office equipment, together with all of the machinery, fixtures, and equipment described at Item K with the exception of some 15 chairs with a value of $75.00 and two theatrical lights of no ascertainable value.

The inventory presents a different problem. The debtor in possession is accountable for $7,150.00. At the time that the landlord of the property retook possession, there was some $3,895.24 in supplies and food, liquor, and beer. This would leave the debtor in possession accountable for $3,254.76.

█ The trustee therefore may recover from Mr. Yaffe compensation for those items for which Mr. Yaffe is accountable. While Mr. Yaffe may not have benefitted personally from his breach of duty to the debtor in possession, Mr. Yaffe remains personally liable. In clarifying the responsibility of corporate officials, the Maryland Court of Appeals has previously examined the liability of the debtor's principal in another action by a trustee in bankruptcy against the principal of the bankrupt. *Burkhart v. Smith,* 161 Md. 398, 157 A. 299 (1931). While the court declined to hold the principal responsible for bad judgment in extending credit to a related corporation, Chief Judge Bond speaking for the court stated:

> Smith was in the position of a trustee or agent of the Chesapeake Company,

and his liability, if any, must rest upon a finding of waste of the assets by what has been described as "fraud or malfeasance, or such gross negligence as may amount to a breach of trust," "by gross negligence and inattention to the duties of their trust," or by failure to exercise " 'the same degree of care and prudence that men prompted by self-interest generally exercise in their own affairs' under like circumstances." *Booth v. Robinson,* 55 Md. 419; *Fisher v. Parr,* 92 Md. 245, 264, 48 A. 621, 623; *Gill v. Ash,* 124 Md. 612, 619, 93 A. 210, 212. The measure of care and prudence required can hardly be defined accurately, and so as to furnish the solvent for all controversies in particular cases of complaints against officers and directors. It is plain, however, that the law does not make an officer or director liable to repay losses caused by any and every departure from what the court, after the event, might consider to be good judgment. There must be something more. If there is no conscious betrayal of the trust reposed, there must be such neglect or misconduct as amounts to a betrayal of the trust. And we concur with the judge of the lower court in his finding that the facts presented in this case do not justify a finding of either fraud or negligence, or misconduct of the kind described.

157 A. at 301.

The instant case is distinguishable from *Burkhart v. Smith* in that the defendant in this case abandoned the business. Abandonment was not the exercise of judgment, but rather abdication from responsibility. Defendant must bear the risk of his failure to get authority to abandon the property or to enter into the "management agreement." As for the duty of Local Rule 54, for the protection of debtor's assets, the responsibility falls squarely on his shoulders. Where the Bankruptcy Code or Rules fasten duties upon a corporate debtor, the individuals responsible may not hide behind the corporate shield. *Cf.* Rule 9001(5). Defendant did not use the care that an ordinarily prudent person would use in securing

the assets of the corporation. MD.CORPS. & ASS'NS CODE ANN. § 2–405.1(a) (1975).

It is perhaps a bitter pill for Mr. Yaffe to swallow to find that in addition to his initial loss from the bankruptcy of this business, he has the additional burden of the instant judgment. He has only himself to blame. As a debtor in possession, he was a fiduciary. The Bankruptcy Code gives to debtors in possession enormous protection and an opportunity to operate businesses free of the immediate pressure of debt. In return, debtors in possession need only follow the guidelines that are set out in the Bankruptcy Code and Rules. Had Mr. Yaffe requested leave of court to enter into this unusual management agreement, court approval may well have been granted following the required notice and hearing. Likewise, had he complied with the mandates of Rule 11–30 and submitted monthly operating statements, he would not be faced with the judgment that confronts him today.

An order will be entered in accordance with this opinion.[2]

**2.** The judgment entered will cover the loss from the unaccounted for cash ($800), deposits ($2900), and inventory ($3,254.76), for a total of $6,954.76.